UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AYANA F. BOYKINS | CIVIL ACTION |
| VERSUS | NO. 11-3075 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | SECTION "H" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Ayana F. Boykins, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI, respectively, of the Act. 42 U.S.C. §§ 405(g), 423, 1381a. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B).

In lieu of filing an answer to plaintiff's complaint, the Commissioner moved pursuant to sentence six of Sections 205(g) and 1631(c)(3) of the Act, 42 U.S. C. §§ 405(g) and 1383(c)(3), to remand this matter to the Commissioner for a hearing before an Administrative Law Judge ("ALJ"). Record Doc. No. 10. Plaintiff, who is proceeding in this matter pro se without the benefit of counsel, filed a responsive document. However, the court cannot ascertain from this response whether plaintiff opposes the motion or supports a remand. Record Doc. No. 12.

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005); Waters v. Barnhart, 276 F.3d 716, 716 (5th Cir. 2002); Loza v. Apfel, 219 F.3d 378, 390 (5th Cir. 2000).

Sentence six of Section 205(g) of the Act authorizes remand in a situation like that in the instant case. A district court "may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." 42 U.S.C. § 405(g); accord Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 100 n.2 (1991). "In the case of a remand pursuant to sentence six, the district court retains jurisdiction of the case" and no final judgment is entered, as the parties are to return to the court, if necessary, upon completion of the post-remand procedures. Dudley v. Astrue, 246 F. App'x 249, 251 (5th Cir. 2007) (citing Istre v. Apfel, 208 F.3d 517, 519 (5th Cir. 2000)).

The Commissioner's motion is supported by the declaration under penalty of perjury of Marian Jones, Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Defendant explains that plaintiff repeatedly requested a hearing

at the administrative level. However, the hearing was continued several times. Because of a change in plaintiff's address before the last scheduled hearing date on May 27, 2011, she apparently did not receive notice of that date. Although Boykins gave the Commissioner her new address on May 26, 2011, the ALJ dismissed her hearing request because of her failure to appear at the scheduled hearing the next day. Plaintiff timely appealed, but the Appeals Council denied her request for review.

The Commissioner now concedes that Boykins had good cause for failing to appear at the scheduled hearing and that the Appeals Council should have remanded the matter to the ALJ to give plaintiff an opportunity to appear at a hearing. At such a hearing, plaintiff will have an opportunity to prove her claim to the agency, with the possible result of obtaining the benefits she seeks, without action by this court. Accordingly, good cause exists to support remand to the Commissioner, so that plaintiff may have an opportunity to appear at a hearing before an ALJ and obtain the relief she seeks, while also retaining her right to return to this court later if the ALJ rules against her.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to remand be **GRANTED** and that the Commissioner be instructed to provide plaintiff with an opportunity for a hearing before an ALJ.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this 25th day of May, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.